Leland K. Faux, Esq.
Idaho Bar No. 10246
*Under Contract with Idaho Legal Aid Service, Inc.*
LELAND FAUX, ESQ. PLLC
381 Shoup Ave, Ste 214
Idaho Falls, Idaho 83402
T: (208) 497-2214
Leland@LelandFaux.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA WELKER and JOSHUA GOHL, | Case No.: 4:21-cv-00030 |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| SYRINGA PROPERTY MANAGEMENT, INC.; DOES I-X, | |
| Defendants. | |

## PARTIES

1. Plaintiffs are each disabled individuals residing in Jefferson County, Idaho. Plaintiff Joshua Gohl is Donna Welker's son.

2. Defendant Syringa Property Management, Inc. ("Syringa") is an Idaho corporation in the business of managing properties on behalf of property owners/landlords or federal housing program borrowers.

3. The true names and capacities of Does I through X, inclusive, ("Doe Defendants") are unknown to Plaintiffs who therefore sues said Doe Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Doe Defendants may be legally responsible in some manner for the events and happenings

COMPLAINT - 1

referenced in this Complaint. Plaintiffs will seek leave of the Court to amend this Complaint to insert the true names and capacities of such Doe Defendants upon ascertaining the identity of such Doe Defendants.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for claims arising under the Constitution and Laws of the United States of America; 28 U.S.C. §§ 1343(a)(3) and (4) which give courts original jurisdiction over suits to redress deprivation under color of state law of any rights, privileges, or immunities guaranteed by the Constitution or Acts of Congress; 42 U.S.C. § 3613 for claims arising under the FHAA; and 28 U.S.C.§§ 2201 & 2202, and rule 57 of the Federal Rules of Civil Procedure, for claims requesting declaratory and injunctive relief. This Court has Supplemental jurisdiction pursuant to 28 U.S.C. § 1367, since there are claims in the action that are so related to other claims in the action over which this Court has original jurisdiction, that they form part of the same case or controversy.

5. Venue is proper in the District Court of Idaho pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Plaintiffs are disabled individuals of limited means.

7. Based on information and belief, Eastern Idaho Community Action Partnership (EICAP), was at all relevant times and is the legal owner of an apartment complex known as Lakeview Family Apartments ("Lakeview").

8. Lakeview was and is a rural rental housing project subject to the non-discrimination provisions of TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, TITLE

VIII of the FAIR HOUSING ACT *as* amended 1988, Section 504 of the REHABILITATION ACT OF 1973, the AGE DISCRIMINATION ACT OF 1975 and the Americans with Disabilities Act of 1990.

9. On or around November 19, 2019, Plaintiffs entered into a residential lease agreement with EICAP for an apartment in Lakeview.

10. Plaintiffs qualified for rental assistance pursuant to certification of income under the USDA rural housing program. This program required the annual recertification of Plaintiff's income for eligibility determination.

11. Pursuant to the USDA program, the landlord is responsible for processing recertifications.

12. In fact, as part of the lease, the landlord promised that "every effort will be made to provide rental assistance so long as Tenant remains eligible and the rental assistance agreement between the owner and USDA, Rural Development remains in effect."

13. The landlord further agreed that it "will recalculate eligibility and Tenant Contribution…."

14. Sometime after the execution of this lease agreement, Syringa began managing the premises on behalf of the owner/landlord.

15. Syringa does not have an on-site manager and a representative is available only on occasion.

16. The representative of Syringa over Lakeview demonstrated a disdain for Plaintiffs and treated them coldly.

COMPLAINT - 3

17. Plaintiff Welker approached this representative within the time for recertification and requested assistance with the recertification process.

18. The representative informed Ms. Welker that Ms. Welker needed to provide information from social security regarding SSI income.

19. Ms. Welker provided the information requested, leaving a copy of the paperwork with the representative.

20. During this recertification process, Ms. Welker was diagnosed with Covid-19 and was subsequently hospitalized.

21. She was discharged from the hospital prior to the recertification deadline. She inquired of the Syringa representative on the status of the recertification process.

22. The representative denied receiving Ms. Welker's information.

23. Ms. Welker requested reasonable accommodation for special assistance with her recertification process, without such assistance she would lose the opportunity to use and enjoy her dwelling.

24. This request was immediately denied and, instead, the Syringa representative berated her, accusing her of lying about her attempts to complete the recertification process.

25. Ms. Welker had no way of processing her own recertification application and did not know what processes or procedures were available to assist her as she needed Syringa to assist her in these processes and procedures.

26. As a result of Syringa's conduct, the recertification date lapsed.

27. Syringa knew, based on Ms. Welker's income information, that she would not be able to afford the full rent without assistance from the housing program.

28. Syringa then notified Ms. Welker that she was no longer eligible for rental assistance and that she was responsible for the full rent.

29. Syringa then commenced an eviction action against her in the Seventh Judicial District of Idaho, Jefferson County, Case No. CV26-21-0008 for failure to pay this rent.

30. Syringa's conduct has been intentional, unlawful, unreasonable, and in bad faith.

## FIRST CAUSE OF ACTION
### Violation of Fair Housing Act (FHA)

31. Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth herein.

32. Plaintiffs are handicapped persons as defined in the FHA, 42 U.S.C. § 3602(h), and have standing to commence this action.

33. Pursuant to provision in the 42 U.S.C. § 3604 it is unlawful:

> (f)(I) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap [of that buyer or renter]; ...
>
> (3) For the purposes of this section, discrimination
>
> includes-- ...
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

34. Defendants violated the FHAA, 42 U.S.C. § 3604(f)(3)(B), by refusing to make reasonable accommodations in rules, policies, practices or services when such

COMPLAINT - 5

accommodations were necessary to afford plaintiffs an equal opportunity to use and enjoy a dwelling.

35. Plaintiffs are aggrieved persons, as that term is defined in the FHAA, 42 U.S.C. §§ 3602(i), and have suffered damages as a result of the conduct of the defendants.

36. The discriminatory actions of defendants were intentional, willful, and taken in disregard of the rights of plaintiffs.

## SECOND CAUSE OF ACTION
### Violation of Rehabilitation Act

37. Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth herein.

38. Plaintiffs are qualified individuals with a disability as defined in the Rehabilitation Act and have standing to commence this action.

39. Plaintiffs' tenancy in the Authority's Public Housing program is a program or activity as defined by 29 U.S.C. § 794.

40. The defendants have an affirmative obligation to ensure that the plaintiffs receive the full benefits of participation in the housing program.

41. The defendants have denied plaintiffs the full benefits of the housing program, by denying their request for a reasonable accommodation.

42. The discriminatory actions of defendants were intentional, willful, and taken in disregard of the rights of plaintiffs.

## THIRD CAUSE OF ACTION
### Violation of Federal Housing Law

43. Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth herein.

44. Plaintiffs are persons with disabilities pursuant to the United States Housing Act, (42 U.S.C. §§ 1437 et. seq.), and the Housing and Community Development Act of 1974, (42 U.S.C. §§ 1437e et. seq.), and have standing to commence this action.

45. The respondent Authority is responsible for the proper administration of the Lakeview housing program.

46. The defendants' Public Housing program is federally regulated.

47. The regulations for the administration of the Public Housing program can be found in Title 7 of the Code of Federal Regulations.

48. Pursuant to 7 CFR § 3560.2, the defendants are required to be in compliance at all times with The Fair Housing Amendments Act, (42 U.S.C. §§ 3610 et. seq.), the Americans With Disabilities Act, (42 U.S.C. §§ 12101 et. seq.), Section 504 of the Rehabilitation Act of 1973, (42 U.S.C. § 794), as well as numerous other anti-discrimination statutes.

49. The defendants have denied plaintiffs' request for a reasonable accommodation in violation of federal housing laws.

50. The defendants have further failed to properly perform their duties and obligations pursuant to 7 CFR § 3560.

51. Plaintiffs are aggrieved persons, as defined by 42 U.S.C. § 3602 (i), and have suffered damages as a result of the conduct of the defendants.

52. The discriminatory actions of defendants were intentional, willful, and taken in disregard of the rights of plaintiffs.

///

///

COMPLAINT - 7

# FOURTH CAUSE OF ACTION
## Violation of Idaho Consumer Protection Act, Idaho Code Title 48 Chapter 6

53. Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth herein.

54. The defendants are each a "Person" in "Trade" as defined by Idaho Code 48-602.

55. The defendants engaged in unlawful, unfair, and deceptive acts during the course of trade with Plaintiffs and in violation of Idaho law in at least the following ways:

   a. Causing confusion as to the processing of Plaintiffs' recertification;

   b. Misrepresenting the standards and information needed for recertification of Plaintiffs' housing;

   c. Engaging in unconscionable method, act, or practice in the conduct of trade or commerce by, without limitation, leasing an apartment that was infested with bed bugs, refusing to remediate the infestation, and engaging in a retaliatory eviction. (Idaho Code 48-603(18)).

   d. Failing to fulfill the duties of a landlord within a reasonable time (IDAPA 04.02.01.140(02)).

56. As a result of the defendants' conduct, Plaintiffs have incurred ascertainable loss.

57. Under Idaho Code 48-608(1), Plaintiffs are entitled to recover her actual damages or $1,000, whichever is greater, to restitution, to appropriate injunctive relief, punitive damages, and any other relief available under the ICPA.

58. Plaintiffs are disabled individuals and are each entitled to an enhanced penalty of treble damages or $15,000, whichever is greater.

59. Under Idaho Code 48-608(5), the Idaho legislature has mandated that Idaho courts "shall" award reasonable attorney's fees and costs to a prevailing consumer.

Plaintiffs are therefore entitled to recover costs and reasonable attorney's fees from the defendants.

60. Plaintiffs have asserted this action based on their good-faith belief that the violations asserted in this cause of action have occurred and that they are entitled to the relief requested. This action is not brought to harass the defendants.

## FIFTH CAUSE OF ACTION
### Breach of Contract/Breach of Implied Covenants

61. Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth herein.

62. Plaintiffs entered into a contract for the lease of residential property.

63. All residential leases include the implied covenants of habitability, of quiet enjoyment, and of good faith a fair dealing.

64. The defendants materially breached the contract by failing and refusing to process Plaintiffs' recertification.

65. The defendants further materially breached the contract by violating federal laws, as stated above, which were expressly incorporated into the contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

A. Assume jurisdiction of this action;

B. Enjoin defendants from continuing to pursue eviction of Plaintiffs during the pendency of this action;

C. DECLARE that:

       1. the discriminatory housing practices of the defendants as set forth above violate the Fair Housing Amendments Act, 42 U.S.C. §§ 3601 et seq.;

       2. the discriminatory housing practices of the defendants as set forth above violate the Americans With Disabilities Act, 42 U.S.C.§§ 12101 et seq.;

       3. the discriminatory housing practices of the defendants as set forth above violate Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 794;

    D.    ORDER the defendants to grant plaintiffs' request for a reasonable accommodation by restoring their tenancy;

    E.    ENJOIN the defendants, their agents, employees, and successors, and all other persons in active concert or participation with any of them, from discriminating because of handicap, race, color, religion, sex, familial status, or national origin against any person in any aspect of the rental or sale ofa dwelling. More specifically, plaintiffs request that the Court enjoin the defendants from refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with a handicap equal opportunity to use and enjoy dwellings.

    F.    AWARD such damages as will compensate plaintiffs fully for the damages caused by the defendants' conduct.

    G.    AWARD punitive damages to plaintiffs pursuant to 42 U.S.C. § 3612 (o)(3) and 42 U.S.C. § 3613(c);

    H.    AWARD damages in an amount not less than $1,000 to each Plaintiff pursuant to Idaho Code 48-608;

      I.      AWARD an enhanced penalty of not less that $15,000 to each Plaintiff under Idaho Code 48-608.

      J.      AWARD reasonable attorney's fees and costs.

      K.      GRANT such further relief as this Court may deem just.

DATED: January 18, 2021

                                      /s/ Leland K. Faux
                                      Leland K. Faux, Esq.
                                      Idaho Bar No. 10246
                                      *Attorney for Plaintiffs*